## Edwin Weld, Administrator of Frederick W. Johnson, v. The Mutual Life Insurance Company.

1. INSURANCE—*When Death by Suicide Avoids the Policy.*—In a policy of life insurance it was conditioned that if the insured should die by his own act, whether sane or insane, the policy should be void.

*Held*, that as the insured came to his death by his own voluntary intentional act within the period mentioned there could be no recovery.

2. EVIDENCE—*Statements Found on the Body of a Suicide.*—In an action upon a policy of insurance where the defense of suicide is made, a statement found upon the body of the deceased, addressed to " father, mother, and sisters," announcing that his death was caused by his own hand, making disposition of his own effects, etc., is proper to be admitted as evidence, tending to show that he came to his death by his own act.

**Assumpsit,** on a life insurance policy. Appeal from the Circuit Court of DeWitt County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

Appellant's intestate made written application August 4, 1893, to appellee company for policy of insurance upon his life.

The application contained following warranty : " I also warrant and agree that I will not die by own act, whether sane or insane, during the period of two years."

August 7, 1893, the appellee company, in consideration of the application and a certain premium, issued a policy to said intestate, the warranty contained in the application being one of the conditions thereof.

September 4, 1893, the assured died from the effect of a pistol or gunshot wound.

This was assumpsit by his administrator to collect the insurance under the policy.

The court refused all instructions asked by the plaintiff and instructed the jury to find for the defendant company, which they did.

Judgment was rendered accordingly and plaintiff appealed.

MOORE & WARNER, attorneys for appellant.

WINSTON & MEAGHER and R. A. LEMON, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.
We have carefully read the evidence preserved in the bill of exceptions.

That the deceased came to his death by his own voluntary intentional act was so clearly established as to be beyond doubt or debate.

There was no evidence tending to show that he took his life in a fit of frenzied madness, or from an insane impulse, so powerful as to deprive him of the ability to form an intention.

He was fully conscious of what he was about to do, and of the result which would follow his intended act.

The instructions asked by the appellant, to the effect the policy could not be avoided by proof the assured committed suicide if the jury believed from the evidence that the assured was impelled thereto by an insane impulse which he was unable to resist, were properly refused.

There was no evidence upon which to base them; upon the contrary, the evidence excluded any such conclusion.

The written statement found upon body of the deceased, addressed to "Father, mother and sisters," was properly admitted in evidence. It was not signed, but was written upon a page of a book found on the person of the deceased, and was clearly a message prepared by him for the purpose of announcing to his relatives that his death was caused by his own hand, and of making disposition of his effects and indicating his desire as to the funeral services to be held over his remains.

The judgment was such as the law demanded under the proof, and should be and is affirmed.